66,982-15

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Thomas Ray Sides ___ — PETITIONER
(Your Name)

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 17 2015
Abel Acosta, Clerk

VS.

The State of Texas ___ — RESPONDENT(S)
Court of Criminal Appeals

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

Please check the appropriate boxes:

☑ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

Court of Criminal Appeals of Texas ; U.S. Dist. Court, Northern Dist. Dallas Div.
5th. Circuit Court of Appeals

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☑ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

_Thomas Ray Sides_
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, *Thomas Ray Sides*, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 0 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child Support | $ 0 | $ | $ 0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment payments | $ 0 | $ | $ 0 | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify): _____ | $ 0 | $ | $ 0 | $ |
| **Total monthly income:** | $ 0 | $ | $ 0 | $ |

2. List your employment history for the past two years, most recent first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| T.D.C.J.-I.D | Texas Prison | 9/5/05 – ? | $ 0 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $_____
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| 0 | 0 | $ 0 | $ 0 |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

☐ Home
   Value _____

☐ Other real estate
   Value _____

☐ Motor Vehicle #1
   Year, make & model _____
   Value _____

☐ Motor Vehicle #2
   Year, make & model _____
   Value _____

☐ Other assets
   Description _____
   Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _NA_ | $ 0 | $ 0 |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| _NA_ | _NA_ | _NA_ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 0 | $ NA |
| Are real estate taxes included? ☐ Yes ☐ No | | |
| Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ NA |
| Home maintenance (repairs and upkeep) | $ 0 | $ NA |
| Food | $ 0 | $ NA |
| Clothing | $ 0 | $ NA |
| Laundry and dry-cleaning | $ 0 | $ NA |
| Medical and dental expenses | $ 0 ~~1500~~ | $ NA |

|                                                                                          | You            | Your spouse |
|------------------------------------------------------------------------------------------|----------------|-------------|
| Transportation (not including motor vehicle payments)                                    | $ 0            | $           |
| Recreation, entertainment, newspapers, magazines, etc.                                   | $ 0            | $           |

Insurance (not deducted from wages or included in mortgage payments)

|                                                   | You            | Your spouse |
|---------------------------------------------------|----------------|-------------|
| Homeowner's or renter's                           | $ 0            | $           |
| Life                                              | $ 0            | $           |
| Health                                            | $ 0            | $           |
| Motor Vehicle                                     | $ 0            | $           |
| Other: U.T.M.B Medical Co-pays                    | $ 224 _Arears_ | $           |

Taxes (not deducted from wages or included in mortgage payments)

|                   | You            | Your spouse |
|-------------------|----------------|-------------|
| (specify): _____ | $ 0            | $           |

Installment payments

|                              | You              | Your spouse |
|------------------------------|------------------|-------------|
| Motor Vehicle                | $ 0              | $           |
| Credit card(s)               | $ 0              | $           |
| Department store(s)          | $ 0              | $           |
| Other: Mail Supplies         | $ 31.94 _Arears_ | $           |

|                                                                                   | You            | Your spouse |
|-----------------------------------------------------------------------------------|----------------|-------------|
| Alimony, maintenance, and support paid to others                                  | $              | $           |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $    | $           |
| Other (specify): ~~Court~~ N/A                                                    | $              | $           |
| **Total monthly expenses:**                                                       | $              | $           |

Court Costs in Arears ± 1,635

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes    ☒ No    If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☒ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes    ☒ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.
Indigent, Handicapped & denied S.S.I. Disability Due to incarceration, No family to speak of.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ , 20___

_Thomas Ray Sites_
(Signature)

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Thomas Ray Sides — PETITIONER
(Your Name)

vs.

The State of Texas — RESPONDENT(S)
Court of Criminal Appeals

ON PETITION FOR A WRIT OF CERTIORARI TO

Court of Criminal Appeals of Texas

(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

Thomas Ray Sides #1313182
(Your Name)

2664 F.m. 2054
(Address)

Tennessee Colony, Texas. 75886
(City, State, Zip Code)

_____

(Phone Number)

## QUESTION(S) PRESENTED

If the State Courts illegal action in violation of the U.S. Constitution creates an impediment to a petitioner proceeding to Federal Court and filing his/her application for writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and thru due diligence the petitioner has been unsuccessful in getting the offending state court to correct the error which is the cause of the impediment, 1) Can the petitioner's one year statute of limitations begin to run, with permission from the Federal Courts, and he/she be allowed to file their application for writ of habeas corpus. Thus restoring their right to due process., or 2) Can the petitioner's one year statute of limitations be waived with a showing of due diligence, a showing that the offending State Court refuses to correct the error, and a showing that the error is a Constitutional violation, allowing petitioner's to proceed to Federal Court and file his/her application for writ of habeas corpus. Thus Restoring their right to due process.

"Please take note that the Constitutional error in question is Jurisdictional in nature, and clearly noted in the record."

## LIST OF PARTIES

[X] All parties appear in the caption of the case on the cover page.

[ ] All parties **do not** appear in the caption of the case on the cover page. A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

Petitioner:

Thomas Ray Sides #1313182
Michael Unit
2664 F.M. 2054
Tennessee Colony, TX.
75886

Respondant:

The State of Texas
Court of Criminal Appeals
P.O. Box, 12308 Capital Station
Austin, Texas,
78711

# TABLE OF CONTENTS

OPINIONS BELOW.................................................................................................... 1

JURISDICTION........................................................................................................2

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ...........................3-8

STATEMENT OF THE CASE ...............................................................................4-10

REASONS FOR GRANTING THE WRIT .................................................................11-12

CONCLUSION.......................................................................................................13

## INDEX TO APPENDICES

APPENDIX A  List of Cases and Courts who ruled upon them.

APPENDIX B

APPENDIX C

APPENDIX D

APPENDIX E

APPENDIX F

# TABLE OF AUTHORITIES CITED

CASES                                                                           PAGE NUMBER

Hanes Vs. U.S.; 339 F.2d. 30; Certiorari Denied; 85 S.Ct. 926; 380 U.S. 924; 13 L.Ed. 2d. 809. .......... 3A

Arthur v. Allen; 452 F.3d. 1234 (2006) .......... 3A

James V. Cain; 50 F.3d 1372 (5th. Cir. 1995) .......... 3A

Bivens V. 6 unknown Fed. Nars.; 403 U.S. 388; 91 S.Ct. 1999; 24 L.Ed. 2d. 619 .......... "11"

N.A.A.C.P. V. City of Kyle TX.; 626 F.3d. 233 (5th Cir. 2010) .......... "3"


STATUTES AND RULES

28 U.S.C. § 2244 (d)(1)(b) .......... "3"

Fed. Civil Proc. 103.2 .......... "3"

Fed. Civil Proc. 12 (b)(3) .......... "3"

U.S.C.A. Const. Amend 3 & 2 .......... "3-3A"

28 U.S.C. § 1291-1295 .......... "3A"

U.S.C. Am. Const. Amend. 5 & 14 .......... "3"


OTHER

Texas Code of Criminal Procedures 11.07 (3)(a) .......... "4"

"Table of Authorities Cited"- Continued

Cases                                                              Page Number

Lewis  v.  Casey ; 518 U.S. 343 ; 349 #1 ; 116 S.Ct. 2174;          " 3"
            135 L.Ed.2d. 606 (1996)


Eggl. v. Fleetguard, inc.; 1998 N.D. 166; 583 N.w.2d. 812      "3A"

Madero Development ; 803 S.w.2d 396                            "3A"
                   see Also
                      ; 502 U.S. 1073 ; 112 S.Ct. 970          "3A"
                      see Also
south western Bell Comp. v
city of Kountze (1976)   ; 815 F.2d. 355 ; 543 S.w.2d 871      "3A"

mitchell v. Maurer ; 293 u.S. 237, 244 ; 55 S.ct. 162,165;     " 3A"
            79 L.Ed. 338

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

**OPINIONS BELOW**

[ ] For cases from **federal courts**:

The opinion of the United States court of appeals appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[X] For cases from **state courts**: *Indigent Texas offender ; No Copies to send Please Refer to Appendix "A"*

The opinion of the highest state court to review the merits appears at Appendix _*A*_ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the _*Texas Court of Criminal Appeals*_ court appears at Appendix _*"A"*_ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[X] is unpublished.

1.

## JURISDICTION

[ ] For cases from **federal courts**:

The date on which the United States Court of Appeals decided my case was _____.

[ ] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[X] For cases from **state courts**:

*Last Court Action in Care*

The date on which the highest state court decided my case was _5-20-15_.
A copy of that decision appears at Appendix _____. *No Copy to send,*

[ ] A timely petition for rehearing was thereafter denied on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

# CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

"Any action taken without Jurisdiction is void".

✱ N.A.A.C.P. V. City of Kyle, TX.; 626 F.3d. 233 (5th. Cir. 2010)
Fed. Rules of Civ. Pro. 12 (b)(3)
U.S.C.A. Const. Art. 3 § 2

"Judicial issues are not subject to waver".

✱ Lewis V. Casey; 518 U.S. 343, 349 #1; 116 S.Ct. 2174;
135 L.Ed.2d. 606 (1996)
Fed. Rules of Civ. Proc. 103.2

"All Citizens have a right to due process & Appeal." (Paraphrased)

✱ U.S.C.A. Const. Amnd. 5 & 14.

"A application for writ of habeas Corpus filed by a person
in custody subject to state court Judgement, is due to be
filed within one year, in part, from the latest of, (A) the
date on which the Judgement became final by conclusion of
direct review or the experation of the time for seeking such
review; (B) The date on which the "Impediment" to filing an
application created by state in violation of the constitution
or laws of the united states is removed, if applicant was
prevented from filling by such Action".

✱ 28 U.S.C.S § 2244 (d)(1)

"If (a) petitioner was prevented from filling his habeas
Corpus petition as a result of "illegal state action", the
limitations period will not begin to run until the state
impediment is removed."

✱ Auther V. Allen; 452 F.3d. 1234 (2006)
James V. Cain; 50 F.3d. 1372 (5th. Cir. 1995)

"Lack of Jurisdiction over a case renders a judgement
Void, and it may always be Collaterally attacked."

✱ Hanes V. U.S.; 339 F.3d. 30; Certiorari Denied;
85 S.Ct. 926; 380 U.S. 424
13 L.Ed. 2d. 809

"There is no time Limit for attacking a Void Judgement."

*      Eggl v. Fleetguard, inc.; 1998 N.D. 166; 983 N.w.2d. 812

         U.S.C.A. Art. III § 2

         28 U.S.C.A § 1291 - 1295

" Want of Jurisdiction of subject matter of suit will
     arrest a cause at any stage of the proceedings,
     and it is not subject to waver."

*      Madero Development; 803 Sw.2d 396; see Also

                       ; 502 U.S. 1073 ; 112 S.Ct. 970; see also

         U.S.C.A. Art. III § 2

         28 U.S.C.A. § 1291 - 1295

" Every Federal Appellate Court has a special oblication to
     'satisfy itself not only of it's own Jurisdiction, but also
     that of the lower courts in a cause under review'."

*      Mitchell v. Maurer ; 293 U.S. 237,244; 55 S.Ct. 162,165;

         79 L.Ed. 388

## STATEMENT OF THE CASE

Petitioner was convicted of two seperate felonies in the 203rd. Judicial district court of Dallas County, Texas, F04-48560 and F04-48562, being Felony Evading arrest w/a motor vehicle" and "Assault on a Public servant, Respectively. He was entenced to 25 years incarciration in each cause. Appeal was taken in the 5th. Court of Appeals of Texas, in Dallas, and these causes were affirmed on June 6th, 2006. (sides v state; #05-05-01093-CR and 05-05-01098-CR [NO petition for Discretionary review. Tx. App- Dallas])

Petitioner filed his first pair of writ applications on 6-6-05 (Before direct appeal), both were dismissed as premature on 3-21-07,(WA, 66-982-01 and WR, 66-982-02) quoting Texas Code of Criminal procedures article 11.07 (3)(a).

Petitioner filed his second pair of writ applications on 4-4-07, WR, 66-982-03 and WR, 66-982-04, these two writ applications were granted in part on 10-8-07. Petitioner was ordered to be allowed to file an out-of-time petition for discretionary review, his direct appeal was restored to pendency, and all other substansive claims still pending in writ application were dismissed as premature, again quoting Texas Code of Criminal Procedures, article 11.07 (3)(a).

Before the Court of Criminal Appeals ruleings on writs WR, 66-982-03 and WR, 66-982-04 petitioner attempted (incorrectly) to file an addendum to those writs. These intended addendums were mailed to the Dallas County

4

district clerk's office on August 14th, 2007. (Via the T.D.C.J.-I.D. indigent institutional mail system) The Dallas County District Clerk's office held them and only filed them on September 28th, 2007. (clearly before the rulings on writ applications WR,66-982-03 and WR,66-982-04) Instead of filing these intended addendums as such the clerk's office chose to file them as separate writ applications (WR,66-982-05 and WR,66-982-06) with the court of criminal Appeals on 11-8-07. (clearly after the rulings on writs WR,66-98203 and WR,66-982-04) These intended addendums/writ applications were ruled on and denied without written order on 2-6-08. ~~XXXXXXXXXXXXXXXXXX~~ Petitioner did not receive notice of such until 5-1-08.

Petitioner's out of time Petition For Discretionary review was timely filed with the 5th. Court of Appeals on 11-20-07, and the Court of Criminal Appeals on 4-7-08. (PD-1553-07 and PD-1554-07) The Petitions were refused by the Court of Criminal Appeals on 6-11-08.

In June, 2008, Petitioner filed his Pro-Se applications for writ of habeas Corpus in the U.S. District Court, Northern District of Texas, Dallas Division...." Believing all his grounds in writs WR,66-982-03, WR,66-982-04, WR,66-982-05 and WR,66-982-06 were exhausted due to the language of the findings of fact and conclusions of law filed by first the D.A.'s office, then by the 203rd. Judicial District Court." These are all the same grounds previously filed, with a few changes".

5

These Federal writ applications were consolidated in cause # 3:08-CV-1099-0 (3:08-CV-1100-0) and contained more than 30 grounds for relief. On 7-14-2008, after determining that it was "apparant petitioner suffers from an undisclosed mental illness and, as such, would benefit from appointment of counsel," the Court granted petitioner's motion to appoint counsel and appointed the Federal public defender's to represent petitioner. (see Dkt. #10)

The Court directed Counsel to file an ammended application that contains "All grounds upon which petitioner challenges his state cbnvictions.[which] will supersede the pro-se applications" filed by petitioner. Id.

The ammended petition, filed 10-8-08, asserted a single ground for relief - "That petitioner received in effective assistance of counsel because his attorney advised him to reject a plea bargain for a five-year sentence and enter open pleas of guilty in hopes of geting probation. "(see Dkt. #17)

On September 4th, 2009., the District Court dismissed petitioner's habeas Applications, (without prejudice) finding that the claim he asserted was unexhausted and procedurally barred. (see Dkt. #'s 21, 24 and 25)

After being warned by his appointed counsel that his applications could possibly be dismissed for lack of state court exhaustion, petitioner returned to state court and filed another pair of writ applic-ations (WR, 66-982-09 and WR, 66-982-10) and explained clearly the jurisdictional errors which the Court

6

of Criminal Appeals had made when ruling on writ applications WR,66-982-05 and WR,66-982-06,; yet the Court merely "Denied without written order on 2-17-10.(Please note that the trial Court did not even file it's "findings of fact and Conclusions of law" until 5 days later; on 2-22-10)

Petitioner filed a motion for rehearing on these two new writ applications on 3-11-10, this was "Refused" on 3-30-10, "Even though he once again explained the Jurisdictional errors that had occured were clearly noted in the record."

Petitioner then filed a "Motion to set aside judgement" on writ applications WR,66-982-05 and WR,66-982-06, (again pointing out the errors made by the Court of crim. Appeals) this motion was answered with a "No action will be taken."(Petitioner had also filed a motion to withdraw those same writs/addendums - No action)

Petitioner filed a "Motion for Rehearing" on writs WR,66-982-09 and WR,66-982-10 on 3-11-10, this was answered with a "will not be entertained," an march 30th, 2010.

Petitioner filed a letter addressed directly to the Honorable Sharon Keller, Cheif Justice - Court of Crim. Appeals, on 7-9-10,, Explaining the Errors that had occured In writs WR,66-982-05 and WR,66-982-06, requesting / Demanding his rights to due process and Appeal be restored."To this day he has received no reply or action on this Request/demand."

7

Petitioner then filed a pair of writ applications in state court with a single ground, for relief, being the Jurisdictional Errors that had occured. These writ applications were dismissed as subsequent even though petitioner once again pointed out to the Court of Crim. Appeals that the errors were plain in the record. (Dismissed on 5-1-12)

On 5-1-12, petitioner mailed a writ application to the u.S. District Court, requesting help in correcting these errors, since the Court of Crim. Appeals would not) (3:12-CV-1030-B-BD) this writ application was denied on 5-17-12 (16 days? ....)

Petitioner filed an application for writ of Mandamus with the Court of Crim. Appeals on 1-22-13 (wR,66982-13) this application was denied without written order on 2-20-13.

Petitioner filed a "Motion Requesting Judicial notice" on 2-28-13, this motion was sumarilly denied on 3-6-13, (only 7 days later.)

Petitioner filed an "application for "writ of Mandamus" with the u.s. District Court., on 5-6-13. (3:13-CV-17-73-M) this writ application was denied on 8-6-13.

After researching extensively and finding no other options available to him (this petitioner is on the 3 strikes list for 1983's in forma Pauperis) Petitioner filed a civil suit in state Constitutal Court in Travis County, Texas, against Honorable Sharon Keller and Hon. Abel Acosta. (cheif Justice and Clerk. Court of Crim. App)

8

on 4-30-14 (D-1-GN-14-000520). The Judge in this cause did two things that made absolutely no sence, 1) Dismissed it for lack of Jurisdiction and 2) ordered that "the petitioner could never refile this suit in any form in any state court."

Petitioner even went as far as to file a "Motion for a None-Pro-Tunc order" with the Court of Criminal Appeals on 5-9-15.... This motion was denied on May 20th, 2015. (11 days).

Please take note that not one time in all this time or with everything the petitioner has attempted has the Court of Criminal Appeals denied that these errors were made or in any way attempted to explain that these errors were not in fact Jurisdictional errors..... They simply sluff off all attempts to the sideline; Probubly because the know 1) this petitioner is indigent, 2) this petitioner is not only mentally ill but suffered a major brain injury in January, 2004, and lost 75% of his long term memory, and 3) is on the 1983's 3 strikes list. (So filing a civil suit in Federal court to restore his right to due process is impossible without this Honorable U.S. Supreme Court making special exceptions for cases which deal exclusively with criminal due process denials.)

"Thank you for your patience with my handwriting, spelling and grammer, I'm still relearning."

4

Lastly, Petitioner filed a "motion to Reopen" or "Petition to file a subsiquent application for writ of habias Corpus", pursuant to section 2254 on the basis that the Jurisdictional errors made by the Court of Criminal Appeals on writ numbers WR,66-982-05 and WR,66-982-06 were ultimately to blame for his not being able to properly file in federal court in the first place and/or for the two new writs (WR,66-982-09 and WR,66-982-10) being dismissed as subsiquent (when in the fact of law - they were'nt) and preventing his returning to federal court and filling a properly filed writ application after exhaustion; due to the Federal Courts "Dismissal w/o prejudice."

The actions are still pending in the 5th. Circuit Court of Appeals.

u.s. Dist. # 3:14-CV-4451 - 5th. Cir. # 14-11346
u.s. Dist. # 3:08-CV-1099 - 5th. Cir. # 15-10230

Respectfully
thank you
Thomas Site

# REASONS FOR GRANTING THE PETITION

Petitioner's rights to "Due process" and "Appeal" were "stolen" from him by a serious Jurisdictional error by the Court of Criminal Appeals of Texas, and since "there is no time limit" for attack a void Judgement" (a Jurisdictional Error is void from conception) and "a void Judgement is a nullity from the beginning, is attended by none of the consequences of a valid Judgement, and is entitled to no respect what-so-ever because it does not affect, impair, or create legal rights", (to quote the C.C.A. Tex.) the petitioner's writ Apps. WR,66-982-05 and WR,66-982-06 are nullities ..... from conception, yet the Tex. Court of Crim. Appeals refuses to acknowle or accept it's own failings, to the detriment of a petitioner who has shown "due diligence", "Cause", and "Prejudice" to this Honorable Supreme Court of these United States of America.

I would point out only one case specificly to the Honorable Justices of this most Honorable United States Supreme Court.

* Bevins V. 6 Unknown Fed. Narc. Agents; 403 U.S. 388; 91 S.ct. 1999; 29 L.Ed.2d. 619 "Where federally protected rights have been invaded, the courts will be alert to adjust their remedies so as to grant the necessary relief", and, "where legal rights have been invaded, on a federal statute provided for a general right to sue for such vidation, federal courts may use any available remedy to make good the wrong".

11

"Even though I've forfeited my right to sue in forma pauperis - I still have a right to sue".

I have done all I can think of or find to do, being handicapped, indigent and suffering from Bi-polar disorder and Social Anxiety disorder (see Appendix B)

All I ask from this most Honorable U.S. Supreme Court is that you examine the situation I find myself in, and if the law of the land allows, assist me regaining my rights.

Were I rich or uber intelligent I dare say none of this would have ever occured........

"But I must ask myself "Is true Justice only for those who have the intelligence or money to secure it?...... Have I forfeited all my rights just because I'm on the 1983's 3 strikes list?......"

"I don't beleave the U.S. Supreme Court will allow myself and others in the same (sorry) situation to be robbed by a state Court who simply doesn't want to admit to their mistakes. Isn't this what the U.S. Supreme Court is bound by duty to do?

I leave my fate, freedom and life in you capable, Honorable hands.....

Respectfully
Thomas ____

This petitioner's Constitutionally guaranteed rights to due process and Appeal have been invaded by the State of Texas; and the Court of Crim. Appeals of Texas, obviously, has no Intention of restoring those rights. (and admitting their error) Thus, it is incumbant upon the federal Courts and more specificly this Honoroble Supreme Court of the United States to restore those rights and guarantee this petitioner's rights to due process and Appeal......

**CONCLUSION**

The petition for a writ of certiorari should be granted.

Respectfully submitted,

*Thomas Sexton*
_____

Date: _____

13

203rd. Judicial District Court. Dallas Co., TX.
  F.04-48560 - Evading Arrest w/motor Vehicle.
  F04-48562 - Assault on a Public Servant.

5th. Court of Appeals of Texas. Dallas, TX.
  05-05-01093-CR
  05-05-01098-CR

Travis County Constitutional Court.
  D-1-GN-14-000520

Court of Criminal Appeals of Texas.
* Writ Applications
  WR, 66-982-01
  WR, 66-982-02
  WR, 66-982-03
  WR, 66-982-04
  WR, 66-982-05
  WR, 66-982-06
  WR, 66-982-09
  WR, 66-982-10
  WR, 66-982-13
* Petitions for Discretionary Review
  PD-1553-07
  PD-1554-07

United States District Court. Dallas, TX.
  3:08-CV-1099-0
    (3:08-CV-1100-0 -consodated with Prevous#)
  3:12-CV-1030-B-BD
  3:13-CV-1773-M
  3:14-CV-4451

Appendix "A"

5th. Circuit Court of Appeals, U.S. Courts.
14-11346
15-10230

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

_Thomas Ray Sides_ — PETITIONER
(Your Name)

VS.

_The State of Texas_
Court of Criminal Appeals — RESPONDENT(S)

## PROOF OF SERVICE

I, _Thomas Ray Sides_, do swear or declare that on this date, _____, 20___, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

_Court of Criminal Appeals of Texas - Attn = Clerk_

_P.O. Box. 12308  Capital Station_

_Austin, Texas. 78711_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20___

_Thomas Sides_
(Signature)

NAME: SIDES,THOMAS RAY                    DOB: 08/24/1967        P U L H E S
TDCJ#: 01313182  SID#: 03739765           WGT: 158 LBS           -----------
UNIT: E          HOUSING: B-4-1-18B       HGT: 6'01"            |3|3|3|1|1| |1|
JOB: UNASGN MEDICAL                                            |C|C|C|A|A| |A|
                                                              |P|P|P| | | |H|
                                                               -----------

I.  FACILITY ASSIGNMENT (CHECK ONE)
___  A. NO RESTRICTION
___  B. BARRIER-FREE FACILITY
00   C. SINGLE LEVEL FACILITY
     D. SUITABLE FOR TRUSTEE CAMP?    X YES___NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)              B. BUNK ASSIGNMENT (CHECK ONE)
X   1. NO RESTRICTION                     ___ 1. NO RESTRICTION
___ 2. SINGLE CELL ONLY                   00  2. LOWER ONLY
___ 3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION             ___ 5. EXTENDED MEDICAL HOURS
___ 4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)             D. WHEELCHAIR USE (CHECK ONE)
___ 1. NO RESTRICTION                     ___ 1. NO RESTRICTION
00  2. GROUND FLOOR ONLY                  ___ 2. PHOP ORDERED
                                          ___ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
00 1. MEDICALLY UNASSIGNED          ___ 15.NO FOOD SERVICE
___ 2. PSYCHIATRICALLY UNASSIGNED   00  16.NO REPETITIVE USE OF HANDS
___ 3. SEDENTARY WORK ONLY          ___ 17.NO WALK WET/UNEVEN SURFACES
___ 4. FOUR HOUR WORK RESTRICTION   00  18.DO NOT ASSIGN TO MEDICAL
___ 6. EXCUSE FROM SCHOOL           ___ 19.NO WORK IN DIRECT SUNLIGHT
00  7. LIMITED STANDING             00  20.NO TEMPERATURE EXTREMES
00  8. NO WALKING > 200 YARDS       ___ 21.NO HUMIDITY EXTREMES
00  9. NO LIFTING > 005 LBS.        ___ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
___ 10.NO BENDING AT WAIST          ___ 23.NO WORK WITH CHEMICALS OR IRRITANTS
00  11.NO REPETITIVE SQUATTING      ___ 24.NO WORK REQUIRING SAFETY BOOTS
00  12.NO CLIMBING                  00  25.NO WORK AROUND MACHINE WITH MOVING PART
___ 13.LIMITED SITTING              ___ 26.NO WORK EXPOSURE TO LOUD NOISES
00  14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X   A. NO RESTRICTIONS
___ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
___ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X   A. NO RESTRICTION            ___ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
___ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X   A. NO RESTRICTION            ___ C. WHEELCHAIR VAN
___ B. EMS AMBULANCE             ___ D. MULTI-PATIENT VEHICLE(MPV)

WILLIAMS, BETTY    MD          08/07/2014    _____
PRINTED NAME AND TITLE OF REVIEWER    DATE       SIGNATURE OF REVIEWER

Appendix "B"